**IN THE UNITED STATES DISTRICT COURT**
**OF THE EASTERN DISTRICT OF TEXAS**
**TEXARKANA DIVISION**

| | | |
|---|---|---|
| **TERRY RAY BATTLE** | § | |
| | | |
| **VS.** | § | **CIVIL ACTION NO. 5:08cv74** |
| | | |
| **COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION** | § | |

## MEMORANDUM ORDER

The above-entitled and numbered civil action was heretofore referred to United States Magistrate Judge Caroline M. Craven pursuant to 28 U.S.C. § 636. The Report of the Magistrate Judge which contains her proposed findings of fact and recommendations for the disposition of such action has been presented for consideration. Plaintiff filed objections to the Report and Recommendation. The Court conducted a *de novo* review of the Magistrate Judge's findings and conclusions.

Plaintiff objects to the Magistrate Judge's recommendation that Plaintiff's above-entitled and numbered social security cause of action be affirmed. Specifically, Plaintiff objects that the Administrative Law Judge ("ALJ") should not have declared Plaintiff a nonessential witness and proceeded without Plaintiff being present to testify on his behalf. Plaintiff further asserts he has proven by substantial evidence that he has a disorder of the back, injury to the left arm, and depression to the extent he is unable to perform any type of gainful employment. Finally, Plaintiff objects to the Report and Recommendation, asserting it does not properly consider the vocational expert's testimony that there would be no jobs in the national economy if proper limitations were included in the ALJ's hypothetical.

After reviewing the transcript, the briefs of the parties, and the Report and Recommendation,

the Court finds Plaintiff's objections are without merit. Regarding Plaintiff's failure to appear at the December 12, 2007 hearing, the Magistrate Judge noted that Plaintiff's attorney explained to the ALJ at the hearing that he had sent Plaintiff a letter, notifying him of the hearing (Tr. 377). When Plaintiff failed to appear at the hearing, Plaintiff's attorney then called all three of the telephone numbers Plaintiff had given him, and none of the three numbers were numbers for Plaintiff; they had all been reassigned to other people. The ALJ also noted at the hearing that his office had sent Plaintiff a notice of the hearing to the last known address provided by Plaintiff, and the notice had not been returned. Importantly, the ALJ determined, without objection from Plaintiff's counsel, that Plaintiff was a nonessential witness. Even though Plaintiff was not at the hearing to testify on his own behalf, Plaintiff's attorney provided a statement on Plaintiff's behalf. The Court finds the ALJ did not err in declaring Plaintiff a nonessential witness and proceeding with the hearing.

The Court also agrees with the Magistrate Judge that the ALJ properly considered the evidence of record and the vocational expert testimony to find Plaintiff "capable of making a successful adjustment to other work that exists in significant numbers in the national economy." (Tr. 27). The Court is of the opinion that the findings and conclusions of the Magistrate Judge are correct. Therefore, the Court hereby adopts the Report of the United States Magistrate Judge as the findings and conclusions of this Court. Accordingly, it is hereby

**ORDERED** that the above-entitled Social Security action is **AFFIRMED**.

**SIGNED this 9th day of September, 2009.**

_____
DAVID FOLSOM
UNITED STATES DISTRICT JUDGE